[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO INTERVENE DATED SEPTEMBER 5, 2001 (#112) AND MOTION TO MODIFY DATED SEPTEMBER 5, 2001 (#111)
The plaintiff and defendant are the parents of the minor child, Cheyenne Wheeler, born August 30, 1994. Donna Rusgrove, formerly Donna Goss, is the paternal grandmother of Cheyenne and seeks to intervene and modify the existing orders of the court concerning the custody and visitation of her granddaughter. The following procedural history is relevant to the court's decision in this matter.
The plaintiff commenced this action by summons and complaint dated January 31, 1995 seeking orders concerning custody and visitation of his minor child, Cheyenne. On March 15, 1995, the Court (Barall, J.), entered orders pursuant to an agreement whereby the parties were to have joint legal custody with the defendant having primary residence and the father having specified visitation. On March 6, 1996, the Court (Barall, J.), granted the plaintiff's ex parte application and suspended the March 15, 1995 orders until further order of the court. In addition, the court granted the plaintiff sole custody with the defendant having supervised visitation. Further, Donna Goss, now Donna Rusgrove, and Cheyenne's maternal great grandmother, Marion Degan, were granted reasonable rights of visitation. Again on March 6, 1996, the court (Rubinow, J.) heard the matter and entered orders similar to Judge Barall's.
The parties appeared with counsel on September 19, 2001 and October 10, 2001. Also appearing with counsel was Donna Rusgrove and Jennifer E. Davis, Attorney for the minor child. The court heard oral argument of counsel and requested that counsel file briefs. Counsel for the plaintiff, Donna Rusgrove and the Attorney for the minor child did so. CT Page 1989
The court has reviewed the arguments of counsel and their briefs. The following facts are not in dispute. The plaintiff and the defendant were never married. Until recently the defendant lived with his mother, Donna Rusgrove. Following the court's orders of March 16, 1996 Cheyenne came to live with the plaintiff and his mother. In his affidavit filed with the court as part of his ex parte request the plaintiff specifically requested that his mother and the great grandmother be given reasonable rights of visitation. Since March 16, 1996, Donna Rusgrove has been the primary caregiver of Cheyenne. The plaintiff was to a large extent indifferent to his daughter.
The plaintiff has moved from his mother's residence and lives with a "significant other" who has no interest in caring for Cheyenne and has problems with substance abuse. The plaintiff wants to be the primary residential parent of his daughter. The defendant mother supports the plaintiff Cheyenne has emotional problems which are being addressed by Donna Rusgrove and the school which Cheyenne is attending. At the conclusion of the September 19, 2001 hearing the court appointed Attorney Davis as the attorney for Cheyenne. At the conclusion of the October 10, 2001 hearing the court ordered, without prejudice, that Cheyenne remain in the school system in which she is currently attending.
There is no indication in the court's file that this matter has gone to judgment. The March 6, 1996 orders specifically used the language "until further order of the court." The court finds that the provisions of Connecticut General Statutes Section 46b-57 apply in that there is a "controversy" and Donna Rusgrove is an "interested party." The attorney for Cheyenne joins with Donna Rusgrove and supports her motion to intervene and her motion to modify. The motion to intervene is granted and the following orders shall enter.
1. That Donna Rusgrove and the plaintiff shall share joint legal custody of Cheyenne Wheeler.
2. That Donna Rusgrove have primary physical custody of Cheyenne Wheeler with a specific access schedule for Derek Wheeler including a restriction that Cheyenne Wheeler not be left in the care of anyone other than Derek Wheeler when she is visiting with him.
3. That Cheyenne Wheeler remain in her present school program.
4. That Cheyenne Wheeler remain in counseling with Dr. Dean Hokaanson.
5. That the attorney for the minor child file a fee affidavit with the court for services rendered through the date of this decision and upon receipt the court will order the payment of the same. CT Page 1990
BY THE COURT
John R. Caruso, J.
The court heard the instant motions of September 19 and October 10, 2001.